Matter of 16 Cypress Ave Realty LLC v New York City Loft Bd. (2023 NY Slip Op 01838)

Matter of 16 Cypress Ave Realty LLC v New York City Loft Bd.

2023 NY Slip Op 01838

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 158634/21 Appeal No. 17666 Case No. 2022-01225 

[*1]In the Matter of 16 Cypress Ave Realty LLC, Petitioner-Appellant,
v
New York City Loft Board et al., Respondents-Respondents. Hailey Desjardins, Nonparty Respondent.

Smith & Shapiro, New York (Harry Shapiro of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for New York City Loft Board and The City of New York, respondents.
Goodfarb & Sandercock, LLP, New York (Elizabeth Sandercock of counsel), for Hailey Desjardins, respondent.

Judgment (denominated an order), Supreme Court, New York County (Laurence Love, J.), entered February 14, 2022, denying the petition to annul the July 16, 2020 determination of respondent New York City Loft Board, which, after a hearing, found that nonparty respondent was a protected occupant under article 7-C of the Multiple Dwelling Law (Loft Law) of an apartment in petitioner landlord's building and that the unit was not deregulated by a prior tenant's purported sale of his protected occupant rights, and the May 20, 2021 Loft Board determination, which denied petitioner's application for reconsideration, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as having been transferred to this Court for de novo review, and, upon such review, the determinations unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
Because the petition raised an issue of substantial evidence, it should have been transferred to this Court (CPLR 7804[g]; see Matter of Crawford v Brezenhoff, 187 AD3d 598, 598 [1st Dept 2020]). Accordingly, we treat it as though it had been properly transferred and dispose of all the issues.
The finding that petitioner did not prove its affirmative defense of a valid sale of Loft Law rights by the prior tenant is supported by substantial evidence (CPLR 7803[4]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; Multiple Dwelling Law § 286[12]). It was rational to find the one-page agreement that the prior tenant, Scott Riehs, signed after he vacated the unit ambiguous on its face, as it did not state that Riehs was a protected occupant or that he was selling Loft Law rights, it tied the purported sale to the return of the security deposit upon vacating the unit, and it made a vague reference to liability that each party may owe the other in a mutual release without detailing any outstanding liability that Riehs had to petitioner (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]). Given these ambiguities, which must be construed against petitioner as the drafter (see Nash v Port Auth. of N.Y. & N.J., 192 AD3d 482, 485 [1st Dept 2021]), the Loft Board appropriately considered Riehs's testimony regarding his understanding of the agreement at the time he signed it (cf. Fogelson v Rackfay Constr. Co., 300 NY 334, 337-338 [1950]).
Contrary to petitioner's contention, the Loft Board-created sales record form (see 29 RCNY 2-10[b]) that petitioner and Riehs signed more than five months afterwards was not a contract document to be read in conjunction with the one-page agreement (cf. Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197 [1941]). Nor does it evince ratification by acceptance of any "benefits of [the] contract," since the testimony concerning negotiations of the agreement shows that Riehs, another former occupant, and petitioner only discussed who would receive a return [*2]of the security deposit and the amount to be paid, which petitioner owed whether Riehs signed the agreement or not (Allen v Riese Org., Inc., 106 AD3d 514, 517 [1st Dept 2013]).
Petitioner otherwise failed to demonstrate that Riehs knew he was a protected occupant or that he knowingly sold his Loft Law rights. The record lacks a certificate of service of petitioner's registration application upon Riehs, which it filed after Riehs gave notice of his intent to vacate the unit (see 29 RCNY 1-06[b][1]). The Administrative Law Judge also credited Riehs's testimony that he did not believe he had Loft Law rights because he thought he had to affirmatively seek them, he did not understand he was selling those rights, and he had no clear understanding of the sales record form other than petitioner telling him that the city needed it. This credibility determination is entitled to deference (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). To the extent that portions of Riehs's testimony may be seen as inconsistent, annulment of the Loft Board's determinations is nonetheless unwarranted, as "the courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (Matter of CafÉ La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007], citing Matter of Berenhaus, 70 NY2d at 444).
Petitioner's assertion that its procedural due process rights were violated is unavailing. Prior to the hearing, petitioner knew that the validity of the sale of rights agreement was at issue, and it was afforded an "opportunity to be heard in a meaningful manner at a meaningful time" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023